IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) CIVIL NO. 22-00251 JMS-WRP |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) EX-PARTE APPLICATION |
| vs. | ) FOR LEAVE TO SERVE A |
| | ) THIRD-PARTY SUBPOENA |
| JOHN DOE SUBSCRIBER | ) PRIOR TO A RULE 26(f) |
| ASSIGNED IP ADDRESS | ) CONFERENCE |
| 50.113.44.77, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING PLAINTIFF'S EX-PARTE APPLICATION
FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA
PRIOR TO A RULE 26(f) CONFERENCE

Before the Court is Plaintiff's Ex-Parte Application for Leave to Serve

a Third-Party Subpoena Prior to a Rule 26(f) Conference (Application). See ECF

No. 8. The Court elects to decide this matter without a hearing pursuant to Local

Rule 7.1(c). Based on its review of Plaintiff's Application and the relevant legal

authority, the Court GRANTS Plaintiff's Application.

BACKGROUND

In this action alleging copyright infringement, Plaintiff asserts it is the

copyright owner of adult motion pictures distributed through websites and DVDs,

and that it has registered these works with the U.S. Copyright Office. See ECF No.

1 ¶¶ 2–3, 46. Plaintiff alleges it developed an infringement detection system,

"VXN Scan," and through this system discovered that Defendant John Doe

Subscriber Assigned IP Address 50.113.44.77 (Defendant) used the BitTorrent file network to download, copy, and distribute Plaintiff's copyrighted works without Plaintiff's authorization.  See id. ¶¶ 28-29, 44.  According to Plaintiff's Complaint, the VXN Scan system recorded transactions from an Internet Protocol (IP) address associated with Defendant containing 40 digital media files that are identical or substantially similar to the constituent elements of Plaintiff's copyrighted works. See id. ¶¶ 30, 38, 41, 50-51; ECF No. 1-1.  Plaintiff thus brings a claim for direct copyright infringement against Defendant pursuant to 17 U.S.C. § 501 for infringing Plaintiff's exclusive rights to reproduce, distribute, perform, and display its copyrighted works.  See ECF No. 1 ¶¶ 48-53.

        As alleged in the Complaint, Plaintiff does not know Defendant's name and address because they used the Internet anonymously when conducting the alleged infringement.  See id. ¶ 5.  But Plaintiff has identified: the IP address Defendant used to commit the alleged infringement (traced to a physical address located within this District); the time, date, and relevant copyright information for each alleged infringement; and Defendant's Internet Service Provider (ISP), Spectrum.  See id. ¶¶ 5, 8, 42-43; ECF No. 1-1.  For this reason, Plaintiff filed the present Application, seeking to subpoena Spectrum pursuant to Rule 45 so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service.  See ECF No. 8.

DISCUSSION

Unless authorized by a court order, a party is prohibited from seeking discovery "from any source" before the parties' Federal Rule of Civil Procedure 26(f) conference.  See Fed. R. Civ. P. 26(d)(1); see also Bodyguard Prods., Inc. v. Baldridge, 2018 WL 6567057, at *1 n.1 (D. Haw. Aug. 13, 2018) (noting this rule applies regardless of whether the discovery is sought from a party or a non-party). In rare circumstances, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.  It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.").

If the identity of a defendant is unknown, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the

3

identity, or that the complaint would be dismissed on other grounds." <u>Gillespie</u>,
629 F.2d at 642.  To determine whether a plaintiff has established good cause to
conduct early discovery to identify an unknown defendant, courts consider if the
plaintiff has made a prima facie showing of infringement, if the plaintiff has
identified the unknown defendant with sufficient particularity, and if the requested
discovery is likely to lead to identifying information.  See <u>Patrick Collins, Inc. v.
Does 1-1219</u>, 2010 WL 5422569, at *2-3 (N.D. Cal. Dec. 28, 2010).

   The Court concludes Plaintiff has made a sufficient showing to
establish good cause to engage in early discovery for the limited purpose of
obtaining information that may help Plaintiff serve Defendant with the Complaint.

   First, Plaintiff has made a prima facie showing of copyright
infringement by alleging it owns and has registered the works at issue, and that
Defendant has copied and distributed the constituent elements of Plaintiff's
copyrighted works without Plaintiff's authorization.  See <u>Unicolors, Inc. v. Urb.
Outfitters, Inc.</u>, 853 F.3d 980, 984 (9th Cir. 2017) ("To prove copyright
infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed
work and (2) copying of the protected elements of the work by the defendant.")
(citation omitted).

   Second, Plaintiff has identified Defendant with sufficient specificity
by identifying the steps taken, through its VXN Scan System, to locate Defendant

and the date and time of each alleged infringement, and given that Plaintiff has

been able to identify Defendant's IP address, which was also traced to this District,

as well as Defendant's ISP.  See Strike 3 Holdings, LLC v. Doe, 2019 WL

1118121, at *2 (N.D. Cal. Mar. 11, 2019).

    Third, Plaintiff has demonstrated that the proposed subpoena seeks

information likely to lead to identifying information that will allow Plaintiff to

effect service on Defendant.  "The Court is not aware of any other reasonable

measures Plaintiff could have taken thus far to identify the Doe Defendant[] other

than to obtain the subscriber['s] identifying information from the ISP."  Bodyguard

Prods., Inc. v. Doe 1, 2017 WL 10646466, at *2 (D. Haw. Dec. 20, 2017); see also

ECF No. 8-3 ¶ 28 (declaration from Patrick Paige, who works in computer

forensics, attesting that only Defendant's ISP, Spectrum, can correlate the IP

address to its subscriber during the time of the alleged infringement).  It is not a

foregone conclusion that identifying the subscriber will necessarily identify the

person or persons who committed the alleged infringement here.  See Bodyguard

Prods., Inc., 2017 WL 10646466, at *2 n.1, (D. Haw. Dec. 20, 2017) ("Case law

acknowledges the increasing number of devices and users for each IP address.").

However, the Court still finds this factor is met given that obtaining information

related to Defendant's IP address from Spectrum is likely to assist Plaintiff in

ascertaining Defendant's identity.  See Strike 3 Holdings, 2019 WL 1118121, at *2

(noting the Doe defendant was likely the primary subscriber of the IP address "or someone who resides with and is known to the subscriber").

Based on the foregoing, the Court concludes Plaintiff has demonstrated good cause to grant its Application.

CONCLUSION

The Court GRANTS Plaintiff's Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference as follows:

(1) Plaintiff may serve a Rule 45 subpoena on Spectrum to obtain the name and address of the subscriber associated with the IP address on the dates set forth in Exhibit A to the Complaint.

(2) Plaintiff shall serve a copy of this Order with any subpoena issued pursuant to this Order.

(3) The subpoena authorized by this Order shall be deemed an appropriate court order under 47 U.S.C. § 551.

(4) Spectrum shall have 30 days from the date of service upon it to serve the subscriber of the IP address with a copy of the subpoena and a copy of this Order.  Spectrum may serve the subscriber by any reasonable means, including written notice sent to the subscriber's last known address via First-Class Mail.

(5) The subscriber shall have 30 days from the date of service upon him, her,

or them to file any motions in this court contesting the subpoena.  If that 30-day period lapses without a subscriber contesting the subpoena, Spectrum shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

(6) After Spectrum is properly served with a Rule 45 subpoena as detailed above, Spectrum shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

(7) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101, et seq.

(8) Plaintiff's deadline for service of Defendant shall be extended for an additional 90 days.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 30, 2022.



Wes Reber Porter
United States Magistrate Judge

7

**STRIKE 3 HOLDINGS, LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 50.113.44.77; CIVIL NO. 22-00251 JMS-WRP; ORDER GRANTING PLAINTIFF'S EX-PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**